UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSEPH F. MANDOLI,

        Plaintiff,

     v.

CRAIG THAYER and STEVENS COUNTY,

        Defendants.

No. CS-02-225-FVS

ORDER

**THIS MATTER** comes before the Court based upon the plaintiff's motion to alter or amend judgment. The plaintiff is represented by Steven C. Lacy. The defendants are represented by Michael E. McFarland, Jr.

**BACKGROUND**

Joseph F. Mandoli was accused of misconduct while employed by the Stevens County Sheriffs Office ("SCSO"). Sheriff Craig Thayer ordered an investigation. Prior to a hearing on the allegations, Mr. Mandoli agreed to resign his job and release his claims against the SCSO. In exchange, representatives of the SCSO agreed to limit the information the SCSO would disclose to prospective employers. Not long after resigning his position, Mr. Mandoli applied for a job with the Douglas County Sheriffs Office ("DCSO"). He was not hired. Some time later, he obtained the contents of the file maintained by the DCSO concerning his application for employment. One of the items in the file is a set of handwritten notes. They were prepared by DCSO

ORDER - 1

Captain Donald E. Culp in connection with a conversation he had with Sheriff Thayer. The notes indicate Sheriff Thayer made a number of critical comments about Mr. Mandoli, who claims the comments are defamatory as a matter of state law. The defendants move for summary judgment.

**RULING**

Captain Culp's notes are the sole evidence concerning Sheriff Thayer's comments. The defendants give four reasons why, in their opinion, his notes do not raise a genuine issue of material fact with respect to the existence of defamation: (1) his notes are inadmissible hearsay; (2) his notes do not prove Sheriff Thayer made a false statement about Mr. Mandoli; (3) Sheriff Thayer had an absolute privilege to say whatever he may have said; and (4) Captain Culp's notes do not reflect actual malice.

A. Hearsay

Sheriff Thayer's oral statements to Captain Culp are not hearsay because Sheriff Thayer is a party opponent. Fed.R.Evid. 801(d)(2). By contrast, Captain Culp's notes concerning Sheriff Thayer's oral statements are hearsay because the notes are being offered to prove the truth of the statements contained therein. Fed.R.Evid. 801(c). The issue, then, is whether the notes fit within an exception to the hearsay rule. Perhaps the most promising exception is Rule 803(8), which authorizes the admission of:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases,

ORDER - 2

>factual findings resulting from an investigation made pursuant to authority granted by law, unless theسsources of information or other circumstances indicate lack of trustworthiness.

There are some circumstances that support the notes' admissibility. Captain Culp was collecting information concerning a job applicant, which is a routine function for a public agency. Although note-taking involves interpretation and editing, Culp's conversation with Thayer was non-adversarial. Moreover, it was in Culp's interest to take accurate notes so the DCSO could make an informed decision concerning Mr. Mandoli's suitability for employment. Thus, while the admissibility of Culp's notes is a very close question, they arguably fall within the scope of Rule 803(8).

### B. Reconstructing the Conversation

The defendants submit that Mr. Mandoli has not provided enough information for a reasonable jury to find that Sheriff Thayer made a false statement to Captain Culp. The defendants have a point. Captain Culp's declaration is very brief. However, the evidence must be viewed in the light most favorable to Mr. Mandoli. *See T.W. Electric Service, Inc. v. Pacific Electrical Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir.1987). In that regard, significant inferences may be drawn from the second and third sentences of Culp's notes. *See id.* at 631 (non-moving party is entitled to the benefit of all inferences that have a rational basis in fact). The second sentence states, "He strongly recommends we come look at his file if we are considering hiring him." Read in light of the record as a whole, this sentence implies Sheriff Thayer urged Culp to review Mr. Mandoli's personnel file at the SCSO. The third sentence of Culp's notes states, "Highlights are as follows:". This sentence implies

ORDER - 3

that Sheriff Thayer went on to describe the contents of Mr. Mandoli's personnel file and that Culp took notes as he did so. Indeed, from this point on, Culp's notes set forth a series of statements that seem to reflect Sheriff Thayer's recollection of the information contained in Mr. Mandoli's personnel file. Admittedly, Culp's notes do not constitute a word-for-word record of Sheriff Thayer's comments. Nevertheless, Culp's notes are sufficiently detailed that a reasonable jury could reconstruct much of what Sheriff Thayer said.

### C. Privilege

The Supreme Court of the Washington has recognized that allegedly defamatory statements may be protected by either an absolute or a qualified privilege. *Bender v. Seattle*, 99 Wn.2d 582, 600, 664 P.2d 492 (1983). Statements made by law enforcement officers to the press and public are protected only by qualified privilege. *Id.* at 601. The defendants have not cited a case in which a Washington appellate court has held that statements such as the ones at issue here -- *i.e.*, a high-ranking law enforcement officer's comments to a colleague in another law enforcement agency concerning an applicant's suitability for employment -- are protected by an absolute privilege. Thus, at this juncture, it must be assumed such statements are protected only by a qualified privilege.

### D. Actual Malice

A speaker loses a qualified privilege if he makes a false statement with actual malice. *Id.; Wood v. Battle Ground Sch. Dist.*, 107 Wn. App. 550, 569-70, 27 P.3d 1208 (2001). Whether Sheriff Thayer abused his privilege to speak candidly with Captain Culp depends upon exactly what he said. As the record now stands, genuine issues of material fact exist with respect to whether Sheriff Thayer

ORDER - 4

made false statements to Captain Culp and, if so, whether Sheriff Thayer's statements reflect actual malice.

**IT IS HEREBY ORDERED:**

1. The plaintiff's motion to alter or amend judgment (Ct. Rec. 71) is granted in part. He may proceed with his state-law defamation claim.

2. Within seven days of entry of this order, counsel are to **jointly** confer with Kellie Higginbotham regarding a trial date. All discovery should be complete.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___19th___ day of May, 2005.

                        s/ Fred Van Sickle
                         Fred Van Sickle
                Chief United States District Judge

ORDER - 5